79 F.3d 169
 316 U.S.App.D.C. 367
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Joseph G. MERRICK, Appellant.
 Nos. 92-3244, 95-3095.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 23, 1996.
 
 Before: WILLIAMS, GINSBURG and SENTELLE, Circuit Judges.
 
 JUDGMENT
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of counsel. The court is satisfied that appropriate disposition of this case does not call for a published opinion. See Circuit Rule 36(b).
 
 
 2
 In his first claim, Merrick argues that the district court should not have vacated his guilty plea without hearing testimony regarding evidence that defense counsel failed to introduce at Merrick's sentencing hearing. Ineffective representation at sentencing, however, would not entitle Merrick to withdraw his plea.
 
 
 3
 In his second claim, Merrick argues that he received ineffective assistance during his plea and sentencing hearings. Counsel's alleged error in connection with the plea was not adequately informing Merrick of the state of the law governing inclusion of "related conduct" in the computation of his exposure under the sentencing guidelines. Merrick was explicitly instructed by the district court, however, that "nobody knows what [the sentence under] the guidelines is going to be." Gov't App. H 8. Therefore, as in United States v. Horne, 987 F.2d 833, 836 (D.C.Cir.1993), any error by counsel could not have been prejudicial. As for ineffective assistance at sentencing, the record precludes Merrick from carrying his burden on either of the elements required by Strickland v. Washington, 466 U.S. 668 (1984). See Gov't App I 11-12 (defense counsel's argument at sentencing hearing of 21 August 1992), J 29-30 (defendant's testimony at sentencing hearing of 6 October 1992); K 35 (defense counsel's testimony at hearing of 7 December 1994).
 
 
 4
 Finally, in Merrick's third claim, he argues that his plea hearing fell short of the requirements of Federal Rule of Criminal Procedure 11 because the district judge failed to ensure that he fully understood the sentencing consequences of his plea. The district court, however, fully complied with the Rule 11 requirement that the defendant be informed of "the maximum possible penalty provided by law" by informing Merrick of his statutory maximum penalty. See United States v. Watley, 987 F.2d 841, 846 (D.C.Cir.1993); Gov't App G 55, 59-60; H 8. At the most, Merrick may have had a "mere personal wish, hope, or expectation" that his sentencing exposure would be lower than it was, compare Watley, 987 F.2d at 847, but that does not provide any basis for permitting a post-sentence plea withdrawal under the governing standard of "manifest injustice." See id. at 847-48. The district court told Merrick that a guilty plea would expose him to a sentence between five and forty years; adding together the periods of incarceration and supervised release ultimately imposed by the court, Merrick received a sentence within the lower half of that range.
 
 
 5
 In sum, we find no merit in Merrick's appeal. It is, therefore, ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(2). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.